# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| SIERRA CLUB,<br>*Petitioner*,<br><br>v.<br><br>U.S. ENVIRONMENTAL<br>PROTECTION AGENCY and<br>LEE ZELDIN, Administrator,<br>U.S. Environmental Protection<br>Agency,<br>*Respondents*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 26-1132 |

## JOINT MOTION TO HOLD CASE IN ABEYANCE BY PETITIONER AND FEDERAL RESPONDENTS

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure and Local Rules 12(d) and 27, federal Respondents United States Environmental Protection Agency and Administrator Lee Zeldin (collectively "EPA" or "Agency") and Petitioner Sierra Club respectfully move the Court to hold this matter in abeyance and to suspend filing of the certified index to the record pending (i) EPA's action on Petitioner's administrative petition for reconsideration and (ii) this Court's decision in Case No. 25-2042, Petitioner's appeal of EPA's West Virginia regional haze plan approval. Both EPA's review of Petitioner's petition for reconsideration

1

and this Court's decision in Case No. 25-2042 may materially affect and potentially moot the issues before the Court.

1.   Petitioner seeks review of an EPA action entitled, "Air Plan Approval; South Carolina; Second Planning Period Regional Haze Plan," 90 Fed. Reg. 57,636 (Dec. 11, 2025).

2.   Petitioner filed this case on February 9, 2026, ECF No. 2 ("Petition for Review"). On the same day, Petitioner submitted to EPA an administrative petition for reconsideration of the action challenged in this case. EPA has not yet acted on the petition for reconsideration.

3.   This case is in the early stages, with one upcoming deadline: EPA's certified index of the administrative record is due on or before March 23, 2026, ECF No. 4 ("Notice Serving Respondent and Requesting Record").

4.   The Fourth Circuit's Local Rule 12(d) provides that the Court may place a case in abeyance "pending disposition of matters before this Court . . . which may affect the ultimate resolution of an appeal." Further, if "a case is held in abeyance for cases other than a Fourth Circuit case, the parties will be required to make periodic status reports."

5.   To allow EPA time to complete its review of Petitioner's administrative petition for reconsideration in an orderly fashion while preserving both this Court's

2

and the parties' resources, EPA and Petitioner jointly request that the Court hold this matter in abeyance.

6.   The parties agree that abeyance pending EPA's decision on the administrative petition would best serve the parties' interests in conserving their resources and promoting efficient litigation.

7.   Courts have long recognized that agencies may generally review and, if appropriate, reconsider their past decisions. *See, e.g., Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever [and] that an agency must be given ample latitude to adapt their rules and policies to the demands of changing circumstances." (internal citations and quotation marks omitted)); *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion).

8.   Abeyance would preserve resources of the parties and the Court. It is possible that after its review of the administrative petition, EPA could take further action that may obviate the need for judicial resolution of some or all the disputed issues. Good cause thus exists for the requested abeyance. *See Anchor Line Ltd. v. Fed. Maritime Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the

case in abeyance pending reconsideration by the agency."); *cf. Ctr. For Biological Diversity v. EPA*, 56 F.4th 55, 71 (D.C. Cir. 2022) (noting that courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary").

9. Further, Petitioner previously filed a petition for review in the Fourth Circuit challenging EPA's Rule entitled, "Air Plan Approval; West Virginia; Regional Haze State Implementation Plan for the Second Implementation Period." 90 Fed. Reg. 29,737 (July 7, 2025). This Court assigned Case No. 25-2042 to that case.

10. Petitioner Sierra Club filed its opening brief in Case No. 25-2042 on January 28, 2026. EPA's response brief in that case is due on March 30, 2026, and Intervenors' response brief is due on April 6, 2026. Sierra Club's reply brief is due on April 27, 2026, the Joint Appendix is due on May 8, 2026, and the briefs in final form are due on May 22, 2026.

11. In its opening brief in Case No. 25-2042, Sierra Club argued extensively that EPA's adoption of a new EPA policy, the new Uniform Rate of Progress policy, is contrary to the Clean Air Act and, in accordance, EPA acted unlawfully in approving West Virginia's Regional Haze State Implementation Plan.

12. EPA's final approval of South Carolina's Regional Haze State Implementation Plan also applies the same new Uniform Rate of Progress policy, first articulated in EPA's approval of West Virginia's plan. Because Petitioner

challenges the legality of EPA's new policy in both cases and because briefing is already underway in Case No. 25-2042, and to avoid duplicative briefing on this issue, the more efficient course is to hold this petition in abeyance until the Court resolves the challenge to EPA's new policy in Case No. 25-2042.

13. Because EPA applied its new Uniform Rate of Progress policy in approving the South Carolina's Regional Haze State Implementation Plan at issue in this case, the Court's resolution of Petitioner's challenge to EPA's policy in Case No. 25-2042 may resolve or at least narrow the disputed issues in this case.

14. Were this case to proceed without knowing the outcome of Case No. 25-2042, the parties anticipate that their briefing on the legality of EPA's new policy would be largely duplicative of the briefing in Case No. 25-2042 and the Court would be presented with the issue twice in parallel appeals.

15. Abeyance will thus reduce the risk of inconsistent rulings and unnecessary expenditure of party and judicial resources by ensuring that any merits briefing proceeds only after the Court has resolved the overlapping issues in Case No. 25-2042 and EPA has completed its reconsideration process.

16. The efficiency gains from abeyance far outweigh any minimal delay, particularly given that the case is in early stages and the parties have yet to begin merits briefing. No party would be prejudiced by the requested abeyance.

17. In seeking this abeyance, EPA and Petitioner each reserve their right to move to lift the abeyance or to oppose such a motion.

For these reasons, the Court should place this matter in abeyance and suspend the filing of the certified index pending (i) EPA's action on Petitioner's administrative petition for reconsideration and (ii) this Court's decision in Case No. 25-2042. If the Court decides Case No. 25-2042 *before* EPA makes a final determination regarding Sierra Club's petition for reconsideration, the parties request that EPA file status reports on 90-day intervals in accordance with the Fourth Circuit's Local Rule 12(d).

Dated: March 6, 2026.

Respectfully submitted,

/s/ Isabella Ariza
Sierra Club
50 F St NW, Eighth Floor
Washington, DC 20001
(857) 999-6267
isabella.ariza@sierraclub.org

Ariana Abedifard
Sierra Club
2101 Webster Street, Suite 1300
Oakland, CA 94612
(415) 977-5560
ariana.abedifard@sierraclub.org

6

Sara Laumann
Laumann Legal, LLC
P.O. Box 100236
Denver, CO 80210
sara@laumannlegal.com

*Counsel for Petitioner*

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney
General

/s/ Christine Ennis (with permission)
CHRISTINE W. ENNIS
U.S. Department of Justice
Env't & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 598-7342
christine.ennis@usdoj.gov

*Counsel for Respondents*

7

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing Joint Motion to Hold Case in Abeyance by Petitioner and Federal Respondents complies with the type-volume limits of Federal Rules of Appellate Procedure 27(d) and 32 because the motion contains 1,124 words, excluding portions of the motion exempted by Rule 32(f). The typeface and typestyle used comply with the requirements of Federal Rules of Appellate Procedure 32(a)(5) and (a)(6) because the motion was prepared using Microsoft Word in Times New Roman 14-point font.

## CERTIFICATE OF SERVICE

Pursuant to Rule 25(d) of the Federal Rules of Appellate Procedure, I hereby certify that on this 6th day of March, 2026, the foregoing Joint Motion to Hold Case in Abeyance by Petitioner and Federal Respondents was served on all parties or their counsel of record through the appellate CM/ECF system if they are registered users. I have served the foregoing motion on Respondents pursuant to Rule 25(c) by sending a copy by first-class mail to each of the following addresses.

Lee M. Zeldin
Administrator
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
WJC Building North/South Room: 1101A
Washington, D.C. 20460

Pamela J. Bondi
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington D.C. 20530

Correspondence Control Unit
Office of General Counsel (2311)
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460

/s/ Isabella Ariza                .
Sierra Club
50 F St NW, Eighth Floor
Washington, DC 20001
(857) 999-6267
isabella.ariza@sierraclub.org